IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, <br> as Broadcast Licensee of the May 6, 2017 <br> Saul Alvarez v. Julio Cesar Chavez, Jr. Super <br> Middleweight Championship Fight Program, <br><br> Plaintiff, <br><br> v. <br><br> 1) EL IMPRESARIO, INC., individually, and d/b/a <br> O BAR HOUSTON and d/b/a O BAR <br> DISCOTHEQUE and d/b/a O BAR and d/b/a EL <br> KORRAL HOUSTON and d/b/a VIP LOUNGE; <br> and <br> 2) JAIME A. ORTEGA, individually, and d/b/a O <br> BAR HOUSTON and d/b/a O BAR <br> DISCOTHEQUE and d/b/a O BAR and d/b/a EL <br> KORRAL HOUSTON and d/b/a VIP LOUNGE; <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:20-cv-01536 |

**JOINT PROPOSED DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff G&G Closed Circuit Events, LLC and Defendants (1) El Impresario, Inc., individually, and d/b/a O Bar Houston and d/b/a O Bar Discotheque and d/b/a O Bar and d/b/a El Korral Houston and d/b/a VIP Lounge; and (2) Jaime A. Ortega, individually, and d/b/a O Bar Houston and d/b/a O Bar Discotheque and d/b/a O Bar and d/b/a El Korral Houston and d/b/a VIP Lounge (collectively "Defendants") submit their *Joint Proposed Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure*, pursuant to the Court's May 1, 2020 *Order for Conference Deadline and Disclosure of Interested Parties* [Doc. 4].

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

   David M. Diaz appeared on behalf of Plaintiff. Clyde Burleson appeared on behalf of Defendants. Counsel held their Rule 26 Conference on October 8, 2020 and October 9, 2020 by telephone and by email.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None. However, Plaintiff has filed several suits in State and Federal Court across the country regarding this Event.

3. **<u>Briefly</u> describe what this case is about.**

   Plaintiff:  Defendants allegedly violated the Communications Act of 1934, as amended, specifically 47 U.S.C. §§ 553 or 605, by misappropriating, televising or otherwise exhibiting the closed-circuit telecast of the May 6, 2017 Saul Alvarez v. Julio Cesar Chavez, Jr. Super Middleweight Championship Fight Program, including all of the undercard or preliminary bouts (the "Event"), at Defendants' commercial establishment without obtaining authorization, permission, or a commercial license from Plaintiff, who owned the exclusive right to license such exhibition to commercial establishments.

   Defendants:  Defendants deny Plaintiff's allegations as alleged.

4. **Specify the allegation of federal jurisdiction.**

   This Court has jurisdiction over the parties in this action because Defendants' principal place of business is in Texas and Defendants reside in Texas and for the reason that Plaintiff alleged that Defendants violated the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 or 605 in Texas. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

5. **Name the parties who disagree on the issue of jurisdiction and the reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Plaintiff:  None at this time.

   Defendants:  None at this time.

7. **List anticipated interventions.**

   None at this time.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Rule 26(a) Initial Disclosures have not yet been made by either party.

   Plaintiff agrees to serve its Rule 26(a)(1) Disclosures on or before November 16, 2020.

   Defendants agrees to serve their Rule 26(a)(1) Disclosures on or before December 15, 2020.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

    1. Plaintiff agrees to serve its Rule 26(a)(1) Disclosures on or before November 16, 2020. Defendants agree to serve their Rule 26(a)(1) Disclosures on or before December 15, 2020.

    2. Discovery pursuant to FRCP on matters such as:

        a. Identification of persons who may have knowledge of matters relating to this lawsuit;

        b. Description of how the Event was telecast in the commercial establishment owned by Defendants;

        c. Identification of the number of persons in the Establishment viewing the unauthorized transmission of the telecast;

        d. Identification of the profits made by Defendants;

        e. Identification of goods sold by Defendants;

        f. Identification of advertisements for the Event and cover charge, if any; and

    g. Identification of the means and methods of pirating the telecast of the Event.

    h. Whether Plaintiff had the authority to license the Event.

    i. Whether there may be a third-party liable for any or all damages, if any.

 3. No changes to FRCP.

 4. None known at this time.

 5. Pursuant to Fed. R. Civ. P. 5(b)(2), the parties consent that service of discovery documents on the opposing party (requests and responses alike) may be done by electronic mail (email) as an acceptable and approved method of service.

**B. When and to whom the Plaintiff anticipates it may send interrogatories.**

To Defendants, following the Rule 26 Conference.

**C. When and to whom the Defendants anticipate they may send interrogatories.**

To Plaintiff, following the Rule 26 Conference.

**D. Of whom and by when the Plaintiff anticipates taking oral depositions.**

None at this time.

**E. Of whom and by when the Defendants anticipates taking oral depositions.**

None at this time.

**F. When Plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff has agreed to designate its experts pursuant to Rule 26(a)(2) by January 15, 2021. Defendants have agreed to designate their experts pursuant to Rule 26(a)(2) by February 15, 2021. The parties agree that reports pursuant to Rule 26(a)(2)(B) are not required.

JOINT PROPOSED DISCOVERY/CASE MANAGEMENT
PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE PAGE 4
x:\804429/pdg/MtnCase Management Plan

G. **List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

None at this time.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

None at this time.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None at this time.

13. **State the date the planned discovery can be reasonably completed.**

April 30, 2021.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties believe that there is a reasonable probability that this case will settle. Settlement discussions are currently ongoing and the parties intend to continue negotiating the prospect of settlement.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have already begun the informal exchange of information related to their respective claims and defenses to assist in settlement negotiations. The parties have also already exchanged settlement offers.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties believe that mediation or a settlement conference with the Magistrate Judge may be suitable for this case. However, at this time, Plaintiff and Defendants are not in favor of using an ADR method in this case because of the costs associated with ADR. The parties believe that the money associated with those costs could be better utilized

during settlement. Plaintiff and Defendants, however, are amenable to participating in mediation or a settlement conference after written discovery has been conducted.

17. **Magistrate Judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties are not willing to proceed before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Defendants have made a jury demand. The jury demand was made on July 2, 2020. *See* [Doc. 10].

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties agree that it will take six to eight hours to present evidence in this case.

20. **List pending motions that could be ruled on at the Initial Pretrial and Scheduling Conference.**

    None.

21. **List other pending motions**.

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None at this time.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Plaintiff filed on its *Plaintiff's Disclosure Statement and Certificate of Interested Persons* on April 30, 2020. *See* [Doc. 2].

    To date, Defendants have not filed their Disclosure of Interested Parties.

**24.    List the names, bar numbers, addresses, and telephone numbers of all counsel.**

| | |
|---|---|
| David M. Diaz<br>Attorney-in-Charge<br>State Bar No. 24012528<br>Southern District Bar No. 889588<br>david@diazlawtx.com<br><br>LAW OFFICES OF DAVID DIAZ, PLLC<br>825 Watters Creek Blvd.<br>Building M, Suite 250<br>Allen, Texas 75013<br>(972) 996-4588 – Telephone<br><br>ATTORNEY FOR PLAINTIFF | Clyde Burleson<br>Attorney-in-charge<br>State Bar No. 00796278<br>Southern District Bar No. 754365<br>clyde@cleartxlp.com<br><br>CLYDE W. BURLESON, P.C.<br>1533 W. Alabama, Ste. 100<br>Houston, Texas 77006<br>Telephone: (713) 526-2226<br>Facsimile: (713) 526-3787<br><br>ATTORNEY FOR DEFENDANTS |

| | |
|---|---|
| _/s/  David M. Diaz_<br>Counsel for Plaintiff    Date: 10/11/2020 | _/s/  Clyde Burleson_<br>Counsel for Defendants    Date: 10/11/2020 |