IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, as Broadcast Licensee of the May 6, 2017 Saul Alvarez v. Julio Cesar Chavez, Jr. Super Middleweight Championship Fight Program, <br><br>    Plaintiff, <br><br>v. <br><br>1) EL IMPRESARIO, INC., individually, and d/b/a O BAR HOUSTON and d/b/a O BAR DISCOTHEQUE and d/b/a O BAR and d/b/a EL KORRAL HOUSTON and d/b/a VIP LOUNGE; and <br>2) JAIME A. ORTEGA, individually, and d/b/a O BAR HOUSTON and d/b/a O BAR DISCOTHEQUE and d/b/a O BAR and d/b/a EL KORRAL HOUSTON and d/b/a VIP LOUNGE; <br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:20-cv-01536 |

## FINAL SUMMARY JUDGMENT

Before the Court is *Plaintiff's Motion for Summary Judgment & Brief in Support* (the "Motion") filed by Plaintiff G&G Closed Circuit Events, LLC ("Plaintiff") against Defendants (1) El Impresario, Inc., individually, and d/b/a O Bar Houston and d/b/a O Bar Discotheque and d/b/a O Bar and d/b/a El Korral Houston and d/b/a VIP Lounge; and (2) Jaime A. Ortega, individually, and d/b/a O Bar Houston and d/b/a O Bar Discotheque and d/b/a O Bar and d/b/a El Korral Houston and d/b/a VIP Lounge (collectively "Defendants"). Upon consideration of the Motion, the accompanying brief and evidence,

the pleadings on file, and the relevant authorities, the Court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. § 605 and recognizes Plaintiff's election to seek statutory damages. The Court also concludes the following:

1. The Court has jurisdiction over the subject matter and parties to this action;

2. Defendants exhibited the closed-circuit May 6, 2017 Saul Alvarez v. Julio Cesar Chavez, Jr. Super Middleweight Championship Fight Program, including undercard and preliminary bouts, including the undercard and preliminary bouts, without authorization from Plaintiff; and

3. Defendants' actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that:

1. Judgment be entered in favor of Plaintiff and against Defendants, jointly and severally;

2. Plaintiff recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $10,000.00;

3. Plaintiff recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $50,000.00;

4. Plaintiff recover court costs and post-judgment interest on the amounts awarded herein at an annual rate of _____ percent from the date of this Judgment until paid.

5. All writs and process for the enforcement and collection of this judgment may issue as necessary. In connection with any Writ of Execution in this case, the Court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this Judgment.

6. This Judgment is a final judgment.

Signed on _____, 2021, at Houston, Texas.

_____
Vanessa D. Gilmore
United States District Judge