IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, § <br> as Broadcast Licensee of the May 6, 2017 § <br> Saul Alvarez v. Julio Cesar Chaves, Jr. Super § <br> Middleweight Championship Fight Program, § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> 1) EL IMPRESARIO, INC. individually, and § <br> d/b/a O BAR HOUSTON and d/b/a O BAR § <br> DISCOTHEQUE and d/b/a O BAR and d/b/a § <br> EL KORRAL HOUSTON and d/b/a VIP § <br> LOUNGE; and § <br> 2) JAIME A. ORTEGA, individually, and § <br> d/b/a O BAR DISCOTHEQUE and d/b/a O § <br> BAR and d/b/a EL KORRAL HOUSTON and § <br> d/b/a VIP LOUNGE § <br> § <br> Defendants. § | Civil Action No. 4:20-cv-01536 |

## DEFENDANTS' MOTION TO WITHDRAW DEEMED ADMISSIONS

COMES NOW, EL IMPRESARIO, INC. individually and d/b/a O BAR DISCOTHEQUE and d/b/a O BAR and d/b/a EL KORRAL HOUSTON and d/b/a VIP LOUNGE and JAIME ORTEGA, individually, and d/b/a O BAR DISCOTHEQUE and d/b/a O BAR and d/b/a EL KORRAL HOUSTON and d/b/a VIP LOUNGE, Defendants, and files this Motion to Set Aside/Withdraw Deemed Admissions, and would show as follows:

Introduction and Summary

1. Plaintiff brought suit alleging that Defendants illegally broadcast a pay-per-view, televised event.

2.    Plaintiff's counsel, David Diaz, filed various requests for discovery, including Requests for Admissions to both Defendants on October 23, 2020. The deadline to respond to the discovery requests was extended by written agreement until December 18, 2020.

3.    On Thursday, December 11, 2020, my wife became ill. Over the next few days her symptoms grew worse and she eventually tested positive for COVID-19. Attached to this motion is a copy of her test results as Exhibit "A". This led to a temporary shutdown of my office and a quarantine at home pursuant to CDC Guidelines. Clyde W. Burleson, P.C. is a small/solo practice firm with one attorney. The shutdown of the office and the quarantine at home caused more disruption to the practice than anticipated. During this time, I handed off several projects to a lawyer who does occasional contract work for me. I thought I had included the discovery in this case. It turns out I did not. I should have realized my error sooner, but I did not become aware of it until Plaintiff filed its Motion for Summary Judgment. The two and a half week shut down of my office following the positive COVID-19 test, caused a number of issues/emergencies and, unfortunately, this went unnoticed. This was not an intentional act, nor was it caused by conscious indifference, rather it was the result of an accident or mistake that came about during the confusion of what to do after a family member becomes sick with COVID-19 and the problems that occurred by the shutdown of the practice..

4.    All Requests for Admissions have been answered and served upon counsel for Plaintiff. I have attached copies of the responses to this motion as Exhibit "B" and "C"

Argument and Authority

3.    Rule 36 of the Federal Rules of Civil Procedure provides in part, that a party may seek to withdraw deemed admissions. The Rule further states that, "a court may permit the withdrawal if it would promote the presentation of the merits of the action."

4. Should Defendants not be permitted to withdraw the deemed admissions, the presentation of the merits of this case will suffer because the case will be decided upon deemed, but untrue, facts. The deemed admissions prove every element of Plaintiff's case and state that my clients willfully violated Plaintiff's rights. This is not true. Even from a more granular view, the deemed admissions twist facts supplied by Plaintiff into something untrue. For example, in Plaintiff's First Requests for Admission to Defendant Jaime A. Ortega, Defendant is asked to admit or deny the following: "*On the night of the Event, while the Event was being shown at the Establishment, there was "On the night of the Event, while the Event was being shown at the Establishment, a minimum of 100 patrons viewing the Event.*"[1] Because of counsel for Defendants error, this request is now deemed admitted. However, this statement is not true and is contradicted by Plaintiff's own witness. As set out in the affidavit of Kwasi English, an individual hired by Plaintiff to investigate illegal broadcasts of the licensed event, the actual number of people in the establishment varied from 19 to 37. That affidavit is attached to this motion as Exhibit "D". Should these and the other admissions stand, this case will turn on the error of an attorney and not the merits and facts of the case.

5. Defendants assert that Plaintiff will not be prejudiced should this motion be granted. The only motion Plaintiff has filed in this case is a Motion for Summary Judgment, which was filed just recently. That Motion could be set for a later date, and a Motion to Continue that hearing will be filed today by Defendants. No depositions have been conducted. This matter is on its first trial setting and the discovery period has not even closed. If Plaintiff's counsel has incurred attorney's fees as a result of my mistake, a check will be issued immediately by to cover those expenses.

---

[1] Plaintiff's First Request for Admissions to Jaime A. Ortega No. 77

6. WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Court grant their Motion to Withdraw Deemed Admissions.

        Respectfully submitted,

        CLYDE W. BURLESON, P.C.

        /S/ *Clyde Burleson*
By: _____
Clyde Burleson
Attorney-in-charge
SBN: 00796278
SDID: 754365
clyde@cleartxlp.com
Clyde W. Burleson, P.C.
1533 W. Alabama, Ste. 100
Houston, Texas 77006
Telephone:   (713) 526-2226
Facsimile:   (713) 526-3787
Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been sent by certified mail, return receipt requested, to all parties as shown below on February 8, 2021, unless otherwise served by the CM/ECF system.

/s/ Clyde Burleson

_____

Clyde Burleson

David M. Diaz
Attorney-in-charge
SBN: 24012528
Southern District Bar No. 889588
ddiaz@diazlawtx.com
LAW OFFICES OF DAVID DIAZ, P.L.L.C.
825 Watters Creek Blvd.
Building M, Ste. 250
Allen, TX 75013
(972) 996-4588 – Telephone
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, <br> as Broadcast Licensee of the May 6, 2017 <br> Saul Alvarez v. Julio Cesar Chaves, Jr. Super <br> Middleweight Championship Fight Program, <br><br> Plaintiff, <br><br> V. <br><br> 1) EL IMPRESARIO, INC. individually, and <br> d/b/a O BAR HOUSTON and d/b/a O BAR <br> DISCOTHEQUE and d/b/a O BAR and d/b/a <br> EL KORRAL HOUSTON and d/b/a VIP <br> LOUNGE; and <br> 2) JAIME A. ORTEGA, individually, and <br> d/b/a O BAR DISCOTHEQUE and d/b/a O <br> BAR and d/b/a EL KORRAL HOUSTON and <br> d/b/a VIP LOUNGE <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:20-cv-01536 |

## ORDER ON DEFENDANTS' MOTION TO SET ASIDE DEEMED ADMISSIONS

On _____, 2021, the Court considered the Defendants' Motion to Withdraw Deemed Admissions, and the Court finds that the Motion should be:

(GRANTED)                               (DENIED)

_____
Judge Presiding